Filed 8/2/22 P. v. Monroy CA4/3
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>       v.<br><br>MARCO ANTONIO MONROY,<br><br>    Defendant and Appellant. | G058919<br><br>(Super. Ct. No. 02CF0424)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Kimberly Menninger, Judge. Reversed and remanded.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Robin Urbanski, Assistant Attorneys General, Michael Pulos, Lynne G. McGinnis, Melissa Mandel and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \*

In 2005, defendant Marco Antonio Monroy was convicted of eight counts involving several victims and sentenced to a total term of 25 years, 4 months, plus life with the possibility of parole. One of the counts was attempted murder (Pen. Code, §§ 664, 187).[1] On direct appeal, we affirmed the judgment. (*People v. Monroy* (Dec. 14, 2006, G035580) [nonpub. opn.] (*Monroy I*).)

In January 2020, defendant filed a petition for resentencing in superior court pursuant to section 1172.6 (former § 1170.95).[2] We affirmed the trial court's denial of the petition. (*People v. Monroy* (Feb. 11, 2021, G058919) [nonpub. opn.] (*Monroy II*).)

Defendant sought review by the California Supreme Court, which was granted and held pending action on other matters with related issues. This case was subsequently remanded back to this court for further consideration. Based on the Supreme Court's decision in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), and the legislative changes to former section 1170.95, we reverse the trial court's order and remand the matter for further proceedings.

I

FACTS

"Because this appeal concerns only issue[s] of law, we need not review the facts in any detail. A full recitation of the facts can be found in *Monroy I*. Suffice to say that defendant was one of three men who kidnapped, assaulted, and shot one of the victims, which led to the attempted murder charge relevant here." (*Monroy II*, *supra*, G058919.)

---

[1] Subsequent statutory references are to the Penal Code unless otherwise indicated.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

2

## II

## DISCUSSION

As we discussed in *Monroy I*, the Legislature adopted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), which amended sections 188 and 189. The goal of SB 1437 was to change the felony-murder rule "and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see § 189, subd. (e).) SB 1437 also created former section 1170.95, which gave those convicted of first or second degree murder the right to petition for resentencing under certain circumstances.

Defendant filed a petition for resentencing under former section 1170.95 without an attorney on January 13, 2020. (*Monroy II*, *supra*, G058919.) On January 16, the matter was transferred to Department C5 for review. On that same date, the trial court summarily denied the petition, deciding defendant was ineligible for resentencing. The court's minute order stated, in relevant part: "The petition does not set forth a prima face case for relief under the statute. A review of court records indicates defendant is not eligible for relief under the statute because the defendant does not stand convicted of murder or defendant's murder conviction(s) is not based on felony-murder or on a natural and probable consequences theory of vicarious liability for aiders and abettors."

Defendant appealed, arguing both that he was entitled to counsel and that the court erred by concluding that he was ineligible for relief under former section 1170.95, presumably because he was convicted of attempted murder. We affirmed the trial court's order. (*Monroy II*, *supra*, G058919.) Defendant's petition for review to the Supreme Court was granted and held, and after the Supreme Court decided several cases with related issues, the case was transferred back to this court.

3

With regard to the appointment of an attorney, in *Lewis*, the Supreme Court held if a petitioner's former section 1170.95 is facially sufficient, the trial court must appoint counsel – it is not discretionary. (*Lewis*, *supra*, 11 Cal.5th at pp. 959-963.) At that point, the court must receive further briefing, review the record of conviction, and determine if the petitioner has made a prima facie showing under the statute. (*Id.* at pp. 959-960.) If so, the court then issues an order to show cause and conducts a hearing as to whether a defendant should be resentenced.

Further, effective January 1, 2022, the Legislature amended former section 1170.95 to include convictions for attempted murder. (Stats. 2021, ch. 551, § 2.) The amendment to former section 1170.95 is ameliorative in nature; therefore, it applies retroactively to defendant's appeal. (See *In re Estrada* (1965) 63 Cal.2d 740, 744-745; see also *People v. Frahs* (2020) 9 Cal.5th 618, 627-628.)

Thus, defendant's petition was denied both without an attorney and under law that is no longer valid. To decide whether he was entitled counsel, we need only find his petition was "facially sufficient" under former section 1170.95, subdivision (b)(1). That provision requires "(A) A declaration by the petitioner that the petitioner is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel." (former § 1170.95, subd. (b)(1).) Defendant's petition met all three requirements, even if he was mistaken about the nature of the first requirement at the time the petition was filed. Further, his petition specifically requested the appointment of counsel.

Because the petition was facially sufficient, proceeding without counsel was error. (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 864.) Given the subsequent change in the law, we find it was prejudicial because it is reasonably probable that with the help of an attorney, his petition would not have been summarily denied.

4

The Attorney General argues defendant is ineligible for relief from his attempted murder conviction as a matter of law. Conversely, defendant argues he has established a prima facie basis for relief. But it is not our role as an appellate court to evaluate the petition in the first instance. On remand, we direct the court to appoint counsel, receive briefing from the parties, and consider defendant's former section 1170.95 petition to vacate his attempted murder conviction at the prima facie stage.

*Request for Judicial Notice*

The Attorney General requests we take judicial notice of the entire record in *Monroy I* pursuant to Evidence Code sections 452, subdivision (d), and 459. Only relevant evidence is subject to judicial notice. (*Mangini v. R.J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063.) We do not take judicial notice of the facts therein. (*Id.* at pp. 1063-1064.) As discussed above, we need not consider the facts of the underlying case. Those facts are for the trial court to consider in the first instance. Accordingly, the request for judicial notice is denied.

III

DISPOSITION

The order is reversed and the matter remanded for further proceedings in accordance with this opinion.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


MARKS, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.